# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-25-400-D |
| ) | |
| BRITNEY ANN OZMENT, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Before the Court is Defendant Britney Ann Ozment's Unopposed Motion to Continue Jury Trial and Extend Pre-Trial Motion Deadlines [Doc. No. 42]. Defendant seeks a continuance of her trial from the December, 2025 to the February, 2026 trial docket and to continue the existing pre-trial motion deadlines. Defendant has submitted a Waiver of Right to Speedy Trial [Doc. No. 42-1], acknowledging her rights under the Speedy Trial Act, 18 U.S.C. §§ 3161-74, and waiving those rights for the period of delay. The government does not object to Defendant's request.

Upon consideration of the Motion, the Court finds that the ends of justice served by granting a two-month continuance outweigh the best interest of the public and Defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A); *see also United States v. Toombs*, 574 F.3d 1262, 1272-73 (10th Cir. 2009). Specifically, accepting the representations of counsel, the Court finds for the reasons fully set forth in the Motion that denying Defendant's request would deprive her of a reasonable amount of time needed for further effective investigation, motion practice, and trial preparation, taking into account the exercise of due

diligence by counsel. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). Also, under the circumstances, denying the Motion would likely deprive Defendant of effective representation of counsel and result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).

In making these findings, the Court has considered the statutory factors set forth in § 3161(h)(7)(B) and has concluded that the requested continuance is fully consistent with congressional policies and precedent. *See Bloate v. United States*, 559 U.S. 196, 214 (2010); *Toombs*, 574 F.3d at 1269. Further, no circumstance is present that would prohibit a continuance pursuant to § 3161(h)(7)(C). Therefore, the period of delay caused by the granting of Defendant's Motion is excludable for purposes of the Speedy Trial Act.

**IT IS THEREFORE ORDERED** that Defendant's Unopposed Motion [Doc. No. 42] is **GRANTED**. This case is stricken from the December 2, 2025 trial docket and reset on the Court's February 10, 2026 trial docket. Further, this case is stricken from the November 21, 2025 docket call, to be reset at a later date, if necessary.

**IT IS FURTHER ORDERED** that the parties shall file all pre-trial motions on or before January 12, 2026.

**IT IS SO ORDERED** this 20th day of November, 2025.

TIMOTHY D. DeGIUSTI
Chief United States District Judge